FILED
2025 NOV 21 AM 11:53
CLERK
U.S. DISTRICT COURT

**NADINE SALYER,**

Plaintiff,

v.

**FLEXAN, LLC and**

**INGERSOLL RAND INDUSTRIAL TECHNOLOGIES, LLC,**

Defendants.

Case No.: _____
Judge: _____

Case: 2:25−cv−01063
Assigned To : Oberg, Daphne A.
Assign. Date : 11/21/2025
Description: Salyer v. Flexan, et al

**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (ADA)**

(42 U.S.C. § 12101 et seq.)

**JURY TRIAL DEMANDED**

### INTRODUCTION

1. Plaintiff **Nadine Salyer** brings this action for disability discrimination, failure to accommodate, retaliation, hostile work environment, and constructive discharge under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

2. Plaintiff was a consistently high-performing employee at Flexan, LLC, part of Ingersoll Rand's industrial group. Only after Plaintiff engaged in protected activity — including reporting misconduct and requesting reasonable ADA accommodations — did Defendants begin to retaliate against her.

3. Defendants ignored Plaintiff's accommodation request, escalated hostility and scrutiny, and created intolerable working conditions that effectively forced Plaintiff to resign on **November 5, 2025**, resulting in substantial financial, emotional, and professional harm.

4. Plaintiff seeks all damages and remedies available under the ADA.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter under **28 U.S.C. § 1331** because Plaintiff alleges federal claims under the ADA.

6. Venue is proper under **28 U.S.C. § 1391(b)** because the unlawful practices occurred in this District, Plaintiff worked in this District, and Defendants conduct business in this District.

7. Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and has requested a Notice of Right-to-Sue.

**PARTIES**

**Plaintiff**

8. Plaintiff **Nadine Salyer** is an individual residing in Salt Lake County, Utah.

9. Plaintiff is a qualified individual with a disability as defined under the ADA.

**Defendants**

10. **Flexan, LLC** is a private employer operating at **4752 West California Avenue, Salt Lake City, UT 84104**, and employs more than 15 employees.

11. **Ingersoll Rand Industrial Technologies, LLC** is the parent company responsible for overseeing Flexan's operations, HR systems, and employment policies, and is liable as a joint employer.

12. Defendants jointly controlled Plaintiff's employment, pay, ADA obligations, and workplace conditions.

**FACTUAL ALLEGATIONS**

**A. Employment Background and Strong Performance**

13. Plaintiff began working for Flexan on **January 3, 2023**.

14. Plaintiff performed her job well and consistently received positive feedback and **Above Expectations** reviews through late 2024.

15. Prior to her protected activity, Plaintiff had **no** history of performance issues, discipline, or interpersonal conflicts.

### B. Mid–2024: LinkedIn Articles and a Shift in Management's Treatment

16. In **mid-2024**, Plaintiff published LinkedIn articles discussing neurodivergence, communication differences, and inclusive workplace practices.

17. Shortly thereafter, senior leader **Bobby Arellano** began treating Plaintiff with noticeable hostility, critical tone, and disregard.

18. This marked the first clear shift in workplace dynamics and hostility.

### C. December 2024: HR Confirms Long-Standing Problems

19. In **December 2024**, Plaintiff met with Local HR to report Bobby's behavior.

20. HR informed Plaintiff that **multiple prior complaints** had been made about Bobby.

21. HR said they had a "plan," but their action — placing his subordinate **Cayleah** over the team — increased rather than decreased Bobby's control.

22. HR's intervention was ineffective and emboldened the discriminatory pattern.

### D. June 23, 2025: Protected HR Complaint and Immediate Retaliation

23. On **June 23, 2025**, Plaintiff made a formal HR complaint, documenting hostility, unfair treatment, and operational misconduct.

24. Immediately afterward, retaliation escalated:

a. sudden scrutiny
b. negative documentation for the first time
c. tone policing
d. assignment of blame for systemic failures
e. micromanagement and dismissal

25. Prior to June 23, 2025, no such issues existed in Plaintiff's record.

### E. September 4, 2025: ADA Request Ignored — Retaliation Intensifies

26. On **September 4, 2025**, Plaintiff submitted a formal ADA accommodation request with medical documentation.

27. Defendants nominally accepted Plaintiff's ADA documentation but then wholly failed to engage in the interactive process. HR did not follow up, did not evaluate possible accommodations, and did not implement any measures. The evidence demonstrates that Defendants treated the accommodation request as a formality rather than a legal obligation, and their indifference directly exacerbated Plaintiff's symptoms and working conditions.

28. Following the ADA request, hostility, scrutiny, and retaliatory behavior escalated further.

**F. Hostile Work Environment (Summer–Fall 2025)**

29. Between mid-2025 and November 2025, Plaintiff experienced:

- verbal hostility
- micromanagement
- manufactured performance concerns
- unfair criticism
- emotionally unsafe interactions
- worsening disability symptoms

30. The working conditions became intolerable and discriminatory.

**G. Pattern-of-Practice: Multiple Employees Targeted Across Sites**

31. Plaintiff learned that employees across **Salt Lake City, Chicago, Lincolnshire, and ILC Dover** had experienced the same pattern of:

- targeted hostility
- pretextual documentation
- retaliatory behavior
- forced resignation or termination

32. A planner from Lincolnshire contacted Plaintiff after his termination and described **the same pattern** used against him.

33. This pattern demonstrates systemic ADA hostility and retaliation within the same leadership structure.

**H. ADA Hostility Toward Another Employee**

34. Another employee, **Alexandria ("Ali") Thayer**, had ADA accommodations.

35. Senior leader Bobby repeatedly **complained verbally** about Ali's disability-related accommodations, expressing open resentment.

36. This shows a pattern of ADA animus even before Plaintiff's accommodation request.

**I. Constructive Discharge (November 5, 2025)**

37. By November 2025:

- Defendants ignored Plaintiff's ADA request
- Retaliation escalated
- Hostility increased
- HR failed to intervene
- Plaintiff's disability symptoms worsened significantly

38. Plaintiff was forced to resign on **November 5, 2025**, amounting to constructive discharge.

39. Plaintiff then had to accept a job paying **$13,000 less per year**, resulting in substantial financial loss.

**CAUSES OF ACTION**

**COUNT I – Disability Discrimination (ADA, 42 U.S.C. § 12112(a))**

40. Plaintiff incorporates all prior paragraphs.

41. Plaintiff is a qualified individual with a disability.

42. Defendants discriminated against Plaintiff by:

- treating her unfavorably because of her disability
- escalating hostility after disability-related disclosures
- subjecting her to disparate treatment

43. Defendants' conduct caused Plaintiff economic and emotional harm.

---

**COUNT II – Failure to Accommodate (42 U.S.C. § 12112(b)(5))**

44. Plaintiff incorporates all prior paragraphs.

45. Plaintiff submitted a formal ADA accommodation request on **September 4, 2025**.

46. Defendants nominally accepted Plaintiff's ADA documentation but then wholly failed to engage in the interactive process. HR did not follow up, did not evaluate possible accommodations, and did not implement any measures. The evidence demonstrates that Defendants treated the accommodation request as a formality rather than a legal obligation, and their indifference directly exacerbated Plaintiff's symptoms and working conditions.

47. Defendants' refusal to accommodate caused deterioration in Plaintiff's health and directly contributed to her constructive discharge.

---

**COUNT III – Retaliation (42 U.S.C. § 12203)**

48. Plaintiff engaged in protected activity when she:

a. complained to HR on June 23, 2025
b. submitted a formal ADA request on September 4, 2025

49. Defendants retaliated against Plaintiff through:

- heightened scrutiny
- manufactured documentation
- hostile behavior
- increased pressure
- creation of intolerable work conditions

50. Retaliation was the but-for cause of Plaintiff's forced resignation.

## COUNT IV – Hostile Work Environment (ADA)

51. Defendants created a severe and pervasive hostile environment because of Plaintiff's disability and protected activities, in violation of the ADA.

## COUNT V – Constructive Discharge

52. Defendants' actions made working conditions so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign.

53. Plaintiff's constructive discharge resulted directly from Defendants' discrimination, retaliation, and ADA non-compliance.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in her favor and award:

A. Back pay and lost wages (including value of lost benefits)
B. Front pay or reinstatement
C. Compensatory damages for emotional distress
D. Punitive damages against Ingersoll Rand
E. Pre- and post-judgment interest
F. Costs and allowable fees
G. Any other relief the Court deems just and equitable
H. A jury trial on all triable issues

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: _____

Respectfully submitted,   *[signature]*   11/21/2025

/s/ Nadine Salyer
**Nadine Salyer**
Plaintiff, Pro Se

7901 S Hermione Ct
West Jordan, UT 84081
Phone: 916-223-9379
Email: nadinesalyer50@gmail.com